**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JAHANGIR AKHTAR,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CASE NO.** |
| | § | |
| **TEXAS DENTAL ASSOCIATES PA,** | § | |
| **d/b/a LOVETT DENTAL** | § | |
| **Defendant.** | § | |
| | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT**

     **JAHANGIR AKHTAR**, Plaintiff in the above numbered and styled cause, files his Original Complaint complaining of **TEXAS DENTAL ASSOCIATES PA, d/b/a LOVETT DENTAL**, Defendant herein, and in support thereof shows this Court as follows:

     This is a suit in law and in equity, authorized and instituted pursuant Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"). The jurisdiction of this Court is invoked to secure the protection of and redress the deprivation of rights secured by these laws protecting people such as Plaintiff from employment discrimination, including termination, motivated or based on Race (Asian), National Origin (Pakistan), Religion (Muslim), Sex (Assumed Sexual Orientation) and as well as from retaliation for opposing such unlawful practices.

## Venue

1. Venue is proper in the U.S. District Court for the Southern District of Texas, Houston Division.  Venue in this Court is provided for in any district in which the private employer of the person maintains a place of business pursuant to 28 U.S.C. § 1391(b). A substantial part, if not all, of the cause of action accrued or arose in the Southern District of Texas. Defendant maintains sufficient business contacts within a county in the Houston Division. Furthermore, Plaintiff resided within the Houston Division during the pertinent time period in question.

## Parties

2. Jahangir Akhtar ("Mr. Akhtar") is a United States citizen residing in Texas during the relevant time period of Mr. Akhtar's claims.  At all times material hereto, Mr. Akhtar was an employee of Defendant, as understood and defined by Title VII.

3. Texas Dental Associates PA, d/b/a as Lovett Dental. is a corporation.  It may be served with this lawsuit by serving its registered agent for service of process, Kent E. Ziegenbein, 2536 Amherst, Suite A, Houston, TX. 77005. At all times material hereto, Defendant was Plaintiff's employer, as understood and defined by Title VII.

## Facts[1]

4. Mr. Akhtar began his employment with Defendant as a Dental Hygienist on or about October 15, 2019. Soon after Mr. Akhtar started working for Defendant,

---

1   These facts are by no means exhaustive.

his manager, Abigail Simien, started subjecting him to a hostile work environment based on his religion (Muslim), national origin (Pakistan), race (Asian) and assumed sexual orientation (Homosexual). Ms. Simien would constantly make discriminatory comments about Mr. Akhtar and towards him, insinuating that he is a homosexual. However, Mr. Akhtar is not gay/homosexual, as he is a happily married man with three young children.

5.    On or about December 15, 2019, Mr. Akhtar complained to John Mayfield (Chief Operating Officer) and Sindy Medina (Dental Hygiene Clinical Director) that Ms. Simien was subjecting him to different terms and conditions of employment because of his race, national origin, religion and assumed sexual orientation.

6.    On or about January 27, 2020, Mr. Akhtar received notice from a 3rd party human resources company, that the Defendant hired to investigate his discrimination complaint against Ms. Simien. This notice informed Mr. Akhtar that a thorough investigation was conducted and a "violation of the harassment policy has occurred."

7.    On or about February 20, 2020, in an email to Ms. Simien, Mr. Mayfield and Ms. Medina, Mr. Akhtar complained once again that Ms. Simien continued to harass him because of his religion, race, national origin and assumed sexual orientation. Mr. Akhtar was then summarily terminated this same day, after he sent the email complaint of discrimination.

8.      Defendant's actions of subjecting Mr. Akhtar to a hostile work environment and terminating him was motivated by his race, religion, assumed sexual orientation, national origin and Defendant's actions were willful.

9.      Mr. Akhtar received his Right to Sue Notice from the EEOC on May 28, 2021.

## CAUSES OF ACTION

10.     Plaintiff hereby incorporate all facts stated in the preceding paragraphs as if set forth fully herein.

**Race, Religion, National Origin and Assumed Sexual Orientation Discrimination and Retaliation under Title VII**

11.     Defendant has intentionally discriminated against Plaintiff and subjected Plaintiff to a hostile work environment, motivated by Plaintiff's race (Asian), religion (Muslim), National Origin (Pakistan) and assumed sexual orientation (Homosexual) and terminated Plaintiff in violation of Title VII.

12.     Defendant also retaliated against Plaintiff for his opposition to such unlawful discriminatory practices.

13.     As a result of Defendant's actions in violating provisions of Title VII as described herein, Plaintiff has suffered and continues to suffer a loss of wages, benefits and other compensation due in the past and which will be suffered and due in the future.

## DAMAGES

14.     Plaintiffs seeks actual damages, including but not limited to lost wages and benefits.

15.     As a result of Defendant's intentional, discriminatory and unlawful acts described above, Plaintiff has suffered and continues to suffer actual damages

and compensatory damages including but not limited to mental anguish, humiliation, emotional distress and damage to his professional reputation, all to his detriment and compensable at law.  Plaintiff also sues for the recovery of punitive damages as authorized by statute.

16.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this action for preliminary and permanent injunction is the only available means of securing adequate relief.  Plaintiff presently suffers and will continue to suffer irreparable injuries from Defendant's policies, practices, customs, and usages set forth herein.

17.     The effect, purpose and intent of the policies and practices pursued by Defendant has been and continues to be to limit, classify, and willfully discriminate against employees on the basis of their race, religion, natural origin, sex (assumed sexual orientation) and otherwise adversely affect their status as employees because of same.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court advance this cause on the docket, order a speedy trial at the earliest practicable date and cause this case in every way to be expedited and upon such hearing to:

i.      Grant Plaintiff a preliminary and permanent injunction enjoining Defendant, its agents and employees and those acts from continuing to maintain the policies, practices, customs or usages which discriminate against Plaintiff because of race, religion, natural origin, sex (assumed sexual orientation), or otherwise deprive Plaintiffs of their rights and privileges secured by Federal Law.

ii.     Grant Plaintiff a declaratory judgment that the practices, policies, customs and usages complained of herein are violative of their rights protected by Title VII.

iii.    Order the Defendant to grant Plaintiff additional equitable, actual and compensatory relief, requiring said Defendant to make Plaintiff whole, including but not limited to promotions, back pay and front pay including all accrued interest, insurance benefits, pension benefits, bonuses, vacation benefits, sick leave, and other incidental benefits that attach to and were incidental to Plaintiff's employment with Defendant and incidental to each such position sought by Plaintiffs, as authorized by statute.

iv.    Order the Defendant to pay Plaintiff compensatory damages.

v.    Order the Defendant to pay Plaintiff punitive damages.

vi.    Grant an Order restraining Defendant from any retaliation against Plaintiff for participation in any form in this action.

vii.    Grant Plaintiff their costs incurred herein, and as part of such costs, reasonable Attorneys' fees and Expert witness fees and such further, additional or alternative relief and affirmative action orders as may appear equitable and just.

Respectfully submitted,

By:    /S/ Ashok Bail_____
ASHOK BAIL
The Bail Law Firm, PLLC
STATE BAR #24043541
3120 Southwest Freeway, Suite 450
Houston, Texas 77098
(832) 216-6693 (Tel)
(832) 263-0616 (Fax)
ashok@baillawfirm.com

ATTORNEY FOR PLAINTIFF